### IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

In re

STACY L. WILSON                                      Case No.  05-38200

        Debtor

JAMES EDWARD MCGHEE                                  Case No.  05-38246
d/b/a McGHEE HEATING & AIR

        Debtor

ROBERT D. TALLMAN                                    Case No.  05-38253
f/d/b/a TEX'S BRANDING IRON
TONYA M. TALLMAN
f/d/b/a TEX'S BRANDING IRON

        Debtors

GREGORY DAVID VANNORSTRAN                            Case No.  05-38257
d/b/a CLASSIC COVERINGS

        Debtor

### MEMORANDUM ON MOTIONS TO EXTEND AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B) AND MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(4)(B)

**APPEARANCES:**    RICHARD M. MAYER, ESQ.
      1111 Northshore Drive, Suite S-570
      Knoxville, Tennessee  37919
      Attorney for Debtors

      WINCHESTER, SELLERS, FOSTER & STEELE, P.C.
      E. Brian Sellers, Esq.
      Post Office Box 2428
      Knoxville, Tennessee 37901-2428
      Attorneys for Citizens First Bank

GWENDOLYN M. KERNEY, ESQ.
  Post Office Box 228
  Knoxville, Tennessee  37901-0227
  Chapter 13 Trustee

RICHARD F. CLIPPARD, ESQ.
UNITED STATES TRUSTEE
  Patricia C. Foster, Esq.
  800 Market Street
  Suite 114
  Knoxville, Tennessee  37902
  Attorneys for United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court are the following contested matters:  (1) the Motion to Keep Automatic Stay in Effect Pursuant to § 362(c)(3) (collectively, Motions to Extend Stay) filed by three Chapter 13 Debtors, Stacy L. Wilson, James Edward McGhee, and Gregory David VanNorstran, asking the court to enter an order continuing the automatic stay in effect beyond the thirty day automatic expiration period set forth in 11 U.S.C.A. § 362(c)(3)(A) (West 2005); and (2) the Motion by Debtors to Impose Automatic Stay Pursuant to § 362(c)(4)(B) (Motion to Impose Stay) filed by the Chapter 13 Debtors, Robert and Tonya Tallman, on November 17, 2005, asking the court to enter an order directing that the automatic stay take effect.  The hearing on each of these Motions was held on November 23, 2005.  No party in interest appeared in opposition to the Motions to Extend Stay filed in case numbers 05-38200 (Wilson) or 05-38246 (McGhee); no party in interest appeared in opposition to the Motion to Impose Stay filed in case number 05-38253 (Tallman); and one creditor, Citizens First Bank, appeared in opposition to the Motion to Extend Stay filed in case number 05-38257 (VanNorstran).

The issues addressed in this Memorandum are raised by the court sua sponte and will serve not only to dispose of the present motions but also to inform parties in interest of the court's expectations when filing future motions seeking to continue or impose the automatic stay under 11 U.S.C.A. §§ 362(c)(3)(B) and 362(c)(4)(B), respectively.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

3

**I**

**Motions to Extend Stay**[1]

The Debtor in case number 05-38200, Stacy L. Wilson, filed her Voluntary Petition, statements, schedules, and all other required forms, documents, and certifications on November 1, 2005.  On November 7, 2005, the Debtor filed her Motion to Extend Stay, stating the following:[2]  (1) that she filed her current case on November 1, 2005; (2) that prior to this filing, she had filed a Chapter 13 case on October 23, 2003, which was dismissed on January 13, 2005; (3) that her first case was dismissed "due to lack of work"; (4) that she has now regained employment; and (5) that she is proposing a 100% plan.  The Motion to Extend Stay was accompanied by a Notice of Hearing utilizing the language required by E.D. Tenn. Local Form 9013.1 and scheduled a hearing for November 23, 2005, at 9:00 a.m.  The Certificates of Service for both the Motion to Extend Stay and the Notice of Hearing certify that each document "has been forwarded to all creditors listed on the Debtor's mailing matrix, and to [the U.S. Trustee and the Chapter 13 Trustee] by US Mail and/or ECF on this 7th day of November 2005."

The Debtor in case number 05-38246, James Edward McGhee, filed his Voluntary Petition, statements, schedules, and all other required forms, documents, and certifications on November 16, 2005.  Additionally, the Debtor filed his Motion to Extend Stay on

---

[1] In this Memorandum, the court will first address the three Motions to Extend Stay and will then separately address the Motion to Impose Stay.

[2] Although the court chooses not to quote the Motion to Extend Stay verbatim, the brevity of the paraphrased language used in this Memorandum varies little from the actual wording used by the Debtor.

November 16, 2005, stating the following:[3]  (1) that he was funding his prior case through his employment; (2) that his employer moved out of state, and he had no source of income; (3) that he is now employed with Microwave Materials Technologies, Inc.; and (4) that his previous case was dismissed for lack of documentation or participation in the plan as well as loss of income.  The Motion to Extend Stay was accompanied by a Notice of Hearing utilizing the language required by E.D. Tenn. Local Form 9013.1 and scheduled a hearing for November 23, 2005, at 9:00 a.m.  The Certificates of Service for both the Motion to Extend Stay and the Notice of Hearing certify that each document "has been forwarded to all creditors listed on the Debtor's mailing matrix, and to [the U.S. Trustee and the Chapter 13 Trustee] by US Mail and/or ECF on this 15th day of November 2005."

The Debtor in case number 05-38257, Gregory David VanNorstran, filed his Voluntary Petition, statements, schedules, and all other required forms, documents, and certifications on November 17, 2005.  Additionally, on November 17, 2005, the Debtor filed his Motion to Extend Stay, stating the following:[4]  (1) that he filed his current case on November 17, 2005; (2) that prior to this filing, he had filed a Chapter 13 case on April 15, 2002, which was dismissed on October 12, 2005; (3) that his first case was dismissed because he "was in a divorce"; (4) that his is now remarried; and (5) that he is proposing a 100% plan.  The Motion to Extend Stay was accompanied by a Notice of Hearing utilizing E.D. Tenn. Local Form 9013.1 and scheduled a hearing for November 23, 2005, at 9:00 a.m.

---

[3] *See supra* note 2.

[4] *See supra* note 2.

The Certificates of Service for both the Motion to Extend Stay and the Notice of Hearing certify that each document "has been forwarded to all creditors listed on the Debtor's mailing matrix, and to [the U.S. Trustee and the Chapter 13 Trustee] by US Mail and/or ECF on this 16th day of November 2005."

## A

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), which became effective on October 17, 2005, made substantial revisions to the automatic stay provisions of 11 U.S.C.A. § 362 (West 2004) (amended 2005).[5]  Imposition of the stay, however, was not drastically altered, and so, unless otherwise provided in the statute,[6] the commencement of a debtor's bankruptcy case still triggers the following protections:

(a)  Except as provided in subsection (b) of this section [not applicable], a petition filed under section 301 . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

---

[5] Unless otherwise specified, all citations in this Memorandum to 11 U.S.C.A. § 362 and its subsections will be to the statute as amended by BAPCPA.

[6] *See infra* Section II.A.

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C.A. § 362(a).

Generally, as under the pre-BAPCPA Bankruptcy Reform Act of 1978, as amended, the automatic stay remains in effect pending relief therefrom by order of the court pursuant to 11 U.S.C.A. § 362(d) or termination by operation of law pursuant to 11 U.S.C.A. § 362(c).  Its purpose is to provide debtors with "'a breathing spell' from collection efforts and to shield individual creditors from the effects of a 'race to the courthouse,' thereby promoting the equal treatment of creditors."  *In re Printup*, 264 B.R. 169, 173 (Bankr. E.D. Tenn. 2001).

Nevertheless, pursuant to BAPCPA, any debtor who has been a debtor within one year of the commencement of his or her current bankruptcy case faces the following limitations to the automatic stay, set forth in § 362(c)(3):

(c)  Except as provided in subsections (d), (e), (f), and (h) of this section–

. . . .

(3) if a single or joint case is filed by or against [a] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)–

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)–

(i) as to all creditors, if–

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was

8

dismissed within such 1-year period, after the debtor failed to–

> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

> (bb) provide adequate protection as ordered by the court; or

> (cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded–

> (aa) if a case under chapter 7, with a discharge; or

> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

11 U.S.C.A. § 362(c)(3).

Application of this section requires several steps, summarized as follows. First, this subsection applies to any individual debtor who has had a case pending and dismissed

within the one year preceding the filing of the current bankruptcy case, unless the earlier

case was dismissed under 11 U.S.C.A. § 707(b) (West 2004) (amended 2005), concerning

dismissal or conversion from a Chapter 7 bankruptcy case for abuse.

Next, in order to continue the stay in effect beyond the initial thirty-day period, a

party in interest must file, within the thirty-day period, a motion asking the court to extend

the stay, notice must be provided, and a hearing held.  The hearing on a motion to extend

the automatic stay must not only be held but also "completed" before the thirty day period

expires.[7]  Additionally, the court may extend the stay as to all creditors or only as to certain

creditors, subject to conditions and limitations that the court may impose.

Finally, the court may only extend the stay if the case was filed in good faith as to the

creditors to be stayed, or if the court finds that the debtor has rebutted, "by clear and

convincing evidence to the contrary," an applicable § 362(c)(3)(C) presumption that the

case was "filed not in good faith."   Different criteria exist for determining whether a

presumption arises that the case was "filed not in good faith," depending upon whether the

debtor seeks an extension of the stay as to all creditors or as to specific creditors.  With

respect to a motion seeking to extend the stay as to all creditors, there is the presumption

that the case was "filed not in good faith" if any of the following circumstances are present:

(1) the debtor had more than one case pending during the past year; (2) the debtor's case

was dismissed for (a) failing to amend or file documents required by the Bankruptcy Code

---

[7] Although the statute expressly requires the hearing be scheduled and "completed" within the initial thirty day period, it does not require that the court issue its ruling within that time period.

10

or court order "without substantial excuse," unless the debtor's attorney's negligence was the cause, (b) failing to provide adequate protection ordered by the court, or (c) failing to comply with the terms of a confirmed plan; or (3) the debtor's financial and/or personal affairs have not substantially changed subsequent to the dismissal of the prior case, whereby the court could reasonably conclude that the debtor will obtain a discharge under Chapter 7 or be able to fully perform a confirmed Chapter 11 or Chapter 13 plan.[8]  With respect to individual creditors, in addition to the above circumstances, there is also a presumption that the case was "filed not in good faith" if, in the prior case, the creditor had pending an unresolved motion for relief from the automatic stay pursuant to 11 U.S.C.A. § 362(d), or it had been granted relief from the stay during the pendency of the previous case.

The court has two major concerns with respect to the three Motions to Extend Stay. First, creditors were not given adequate notice of the hearings, and second, the Motions to Extend Stay provide inadequate grounds in support of the requested relief.[9]

---

[8] An exception to § 362(c)(3) is found in § 362(i), which states as follows:

> If a case commenced under chapter 7, 11, or 13 is dismissed due to the creation of a debt repayment plan, for purposes of subsection (c)(3), any subsequent case commenced by the debtor under any such chapter shall not be presumed to be filed not in good faith.

11 U.S.C.A. § 362(i).  Accordingly, if a debtor's case is dismissed after undergoing credit counseling, there is no presumption that it was "filed not in good faith."

[9] Rule 9013 of the Federal Rules of Bankruptcy Procedure requires in material part that "[a] request for an order . . . shall be by written motion . . . . The motion shall state with particularity the grounds therefore and shall set forth the relief or order sought." FED. R. BANKR. P. 9013; *see also* E.D. Tenn. LBR 9013-1(b) ("All motions . . . must . . . (3) state with particularity the grounds for the motion; and (4) request specific relief.").

**B**

As previously stated, the automatic stay works as an injunction of sorts, barring creditors from taking certain actions with respect to debtors and their property.[10]  Actions taken in violation of the automatic stay are "invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993).  Additionally, creditors who willfully violate the automatic stay[11] are subject to statutory damages.  *See* 11 U.S.C.A. § 362(k).  For this reason, the Bankruptcy Code requires debtors to file a list of their creditors and their addresses so that notice of the commencement of their bankruptcy case may be provided.  11 U.S.C.A. § 521(1) (West 2004) (amended 2005); FED. R. BANKR. P. 1007(a) ("In a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities."); E.D. Tenn. LBR 1007-2 (requiring debtors to

---

[10] The filing of a bankruptcy petition forms a debtor's bankruptcy estate, which consists of "all legal and equitable interests of the debtor in property as of the commencement of the case."  *See* 11 U.S.C.A. § 541 (West 2004).

[11] "A violation is willful if 'the creditor deliberately carried out the prohibited act with knowledge of the debtor's bankruptcy case.'"  *Printup*, 264 B.R. at 173 (quoting *Walker v. Midland Mortgage Co. (In re Medlin)*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996)).

> A specific intent to violate the stay is not required, or even an awareness by the creditor that her conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay.  Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional.

> Satisfying these requirements itself creates strict liability.  There is nothing more to prove except damages.

*Printup*, 264 B.R. at 173 (quoting *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997)); *see also In re Dunning*, 269 B.R. 357, 362 (Bankr. N.D. Ohio 2001) (a willful violation of the automatic stay does not require a specific intent to violate the stay).

12

file a master address list or mailing matrix with the names and complete addresses of all creditors and parties in interest); *see also* 11 U.S.C.A. § 342 (West 2004) (amended 2005) (addressing "Notice" in general).

Prior to depriving any party of its property interest rights, it must be given adequate notice detailing the reasons for the proposed deprivation, *Taylor v. Slick*, 178 F.3d 698, 703 (3d Cir. 1999), since constitutional due process requires proper notice. *Mullane v. Cent. Hanover Bank & Trust Co.*, 70 S. Ct. 652, 657 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). "The level of notice to be given, however, depends on the interest at issue because 'due process is flexible and calls for such procedural protections as the particular situation demands.'" *Taylor*, 178 F.3d at 703 (quoting *Morrissey v. Brewer*, 92 S. Ct. 2593, 2600 (1972)); *see also In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. Nov. 4, 2005) (in a § 362(c)(3) determination, stating that "[o]ne of the essential aspects of notice is apprising affected parties of the nature of the relief that may be sought.").

BAPCPA provides that the automatic stay may be extended for repeat filers only after the filing of a motion "and upon notice and a hearing" held within thirty days. 11 U.S.C.A. § 362(c)(3)(B). Under the Bankruptcy Code, "'after notice and a hearing', or a similar phrase . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances[,]" 11

13

U.S.C.A. § 102(1)(A) (West 2004).  "The burden of establishing that a creditor has received adequate notice rests with the debtor."  *Massa v. Addona (In re Massa)*, 187 F.3d 292, 296 (2d Cir. 1999).

The Local Rules for the United States Bankruptcy Court for the Eastern District of Tennessee (Local Rules) dictate the notice procedure applicable to contested matters arising under Rule 9014 of the Federal Rules of Bankruptcy Procedure, including the form and content of the required notice.  *See* E.D. Tenn. LBR 9013-1.  Specifically, E.D. Tenn. LBR 9013-1(f) addresses hearings on motions, providing that all motions not fitting within the scope of ex parte and passive notice motions defined in the rule "must be set for hearing by the movant, utilizing the Notice of Hearing form conforming to Local Form 9013.1 . . . or without utilizing a separate Notice of Hearing form so long as the notice of hearing and content of Local Form 9013.1 appear on the face of the motion."  E.D. Tenn. LBR 9013-1(f)(1).  There is no dispute that the Debtors' attorney utilized the Local Form 9013.1 Notice of Hearing form for the Motions to Extend Stay.

The problem lies in the time between the Debtors' service of the Motions to Extend Stay, along with their respective Notices of Hearing, and the scheduled hearing date of November 23, 2005.  The Local Rules require all motions be set for hearing "at least 20 but no more than 40 days after service of the notice and motion" unless otherwise expressly authorized by the rule [not applicable] or by court order.  E.D. Tenn. LBR 9013-1(f)(2)(ii).[12]

---

[12] The court routinely entertains and, where cause is shown, grants motions to shorten the time for
(continued...)

None of the Motions to Extend Stay presently before the court provided creditors and parties in interest with twenty days notice of the November 23, 2005 hearing. Ms. Wilson's Motion to Extend Stay and Notice of Hearing were served on November 7, 2005, providing only sixteen days notice. Mr. McGhee's Motion to Extend Stay and Notice of Hearing were served on November 15, 2005, providing only eight days notice. Mr. VanNorstran's Motion to Extend Stay and Notice of Hearing were served on November 16, 2005, providing only nine days notice. Clearly, these Notices of Hearing did not comply with the Local Rules, nor did they provide creditors and parties in interest with sufficient time to afford them with due process concerning their rights. For this reason alone, the Motions to Extend Stay filed in each of these cases must be denied.

## C

The court also finds cause to deny the Motions to Extend Stay based upon the substance contained therein, in light of the requirements set forth in § 362(c)(3)(C). As an initial matter, each case falls within the scope of §362(c)(3)(C)'s presumption of being "filed not in good faith," because they were all dismissed after the respective Debtors failed to comply with the terms of Chapter 13 plans that were confirmed in prior cases.[13] Accordingly, for the court to extend the automatic stay beyond the initial thirty-day period

---

[12](...continued)
notice and hearing. *See* FED. R. BANKR. P. 9006(c)(1).

[13] In this particular instance, the court takes judicial notice of the prior bankruptcy cases filed by the respective Debtors. *See* FED. R. EVID. 201.

15

set forth in § 362(c)(3)(A), each Debtor must rebut the presumption that his or her case was "filed not in good faith" by "clear and convincing evidence to the contrary."

"Clear and convincing evidence may be defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *Yoppolo v. Household Realty Corp. (In re Winland)*, 276 B.R. 773, 784 (Bankr. N.D. Ohio 2001).  However, mere statements by a party in a motion or a brief do not carry any evidentiary weight. *See Al-Rawahneh v. INS*, No. 00-4447, 2002 U.S. App. LEXIS 9793, at *7 (6th Cir. Mar. 17, 2002); *Reilly v. Grayon*, No. 95-CV-40471-DT, 1998 U.S. Dist. LEXIS 23311, at *15 n.2 (E.D. Mich. Aug. 25, 1998); *In re Connelly*, 41 B.R. 217, 221 (Bankr. D. Minn. 1984).  Accordingly, in every instance where the § 363(c)(3)(C) presumption arises, a debtor or party in interest seeking to extend the automatic stay beyond the thirty days set forth in § 362(c)(3)(A), must file an affidavit, setting forth the facts relied upon to rebut the presumption.[14]  If a party in interest objects to the extension, the debtor may either stand on the affidavit if he or she so chooses, or may offer testimony in support of the requested extension at the hearing.  Additionally, the court will require that the supporting affidavit be filed and served with the motion seeking to extend the stay.  Without having the benefit of considering the clear and convincing evidence relied upon by the debtor or party in interest to rebut the presumption that the

---

[14] Pursuant to Rule 43 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9017 of the Federal Rules of Bankruptcy Procedure, "[w]henever a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties[.]"  FED. R. CIV. P. 43(e).

case was "filed not in good faith," creditors are not in a position to evaluate the integrity of the current bankruptcy filing and to thus determine whether an objection is warranted.

In order to satisfy the clear and convincing evidence standard, each motion requesting an extension of the automatic stay under § 362(c)(3)(B), together with the supporting affidavit, should contain certain minimal information as follows:  (1) whether the extension is sought as to all creditors or a single creditor; (2) the case number as well as the commencement and dismissal dates of the debtor's case pending within the previous year; (3) the § 362(c)(3)(C) reason or reasons giving rise to the presumption that the current case was "filed not in good faith"; and (4) the change in the financial or personal affairs of the debtor subsequent to the dismissal of the previous case or any other reason that will support the debtor's contention that the present case will be concluded with a discharge if filed under Chapter 7 or, if filed under Chapter 11 or 13, will be concluded with a confirmed plan that will be fully performed.  Any additional information or evidence that the debtor or party in interest believes is significant or supports his or her motion may also be included.   Any motion to extend the automatic stay filed without containing these minimum requirements and evidentiary proof may be denied.

In summary, § 362(c)(3)(B) allows the court to extend the stay "only if the party in interest demonstrates that the filing of the later case is in good faith."  Where the "filed not in good faith" presumptions arise under § 362(c)(3)(C), the court has the burden of determining whether the party in interest has, in fact, rebutted the presumption.  Such

17

rebuttal falls squarely upon the party requesting the automatic stay be extended and not on the court.

As to the three Motions to Extend Stay presently before the court, none provide adequate grounds to support the request that the 30-day stay be extended.[15]  None of the Motions to Extend Stay contain even the case number of the Debtors' prior cases, nor were the explanations as to why the prior cases were dismissed sufficiently explained or proved. Notwithstanding the lack of objections, without clear and convincing evidence to rebut the presumption that the cases were "filed not in good faith", the court will not extend the automatic stay in any of the cases.[16]

---

[15] *See supra* note 9.  Furthermore, although the Debtors were present in court at the November 23, 2005 hearing and offered to testify, the court declined to hear any proof because of the inadequate notice to parties in interest and because the Motions to Extend Stay were fatally defective due to the insufficient allegations made to support the relief requested.

[16] While this Memorandum has dealt exclusively with the § 362(c)(3)(C) "filed not in good faith" presumption, good faith is also the sole criteria that must be proved by a party in interest seeking an extension of the stay where the § 362(c)(3)(C) presumption does not apply.  Although the burden of proof is not as stringent, the court nonetheless expects a motion requesting an extension of the 30-day stay where the presumption does not apply to state with particularity those facts relied upon to demonstrate that the current case was filed in good faith.

## II

## Motion to Impose Stay[17]

The Debtors in case number 05-38253, Robert and Tonya Tallman, filed their Voluntary Petition, statements, schedules, and all other required forms, documents, and certifications on November 17, 2005.  Additionally, the Debtors filed their Motion to Impose Stay on November 17, 2005, stating the following:[18]  (1) that they filed a prior case, number 05-32097, which was dismissed because their previous attorney did not file their schedules in a timely manner; (2) that they filed a second Chapter 13 case, number 05-32700, which was dismissed because it was filed while their previous case was still active and because their proposed plan was not feasible, since they were attempting to pay maintenance payments on priority debts; (3) that they believe this case can be successful because Mr. Tallman's work as a drywall finisher has prospered, and they have already made their first plan payment; and (4) that their proposed plan has certification language and contains a 180-day re-filing bar.  Filed along with the Motion to Impose Stay was a Notice of Hearing utilizing the language required by E.D. Tenn. Local Form 9013.1 and scheduled a hearing for November 23, 2005, at 9:00 a.m.  The Certificates of Service for both the Motion to Impose Stay and the Notice of Hearing certify that each document "has been forwarded to all creditors listed on the Debtor's mailing matrix, and to [the U.S. Trustee and the Chapter 13 Trustee] by US Mail and/or ECF on this 17th day of November 2005."

---

[17] *See supra* note 1.

[18] Although the court chooses not to quote the Motion to Impose Stay verbatim, the brevity of the paraphrased language used in this Memorandum varies little from the actual wording used by the Debtors.

19

**A**

Under BAPCPA, any individual debtor who has been a debtor in two or more cases

that were pending and dismissed within the previous year does not receive the benefit of

the automatic stay at the commencement of his or her bankruptcy case.  As provided in

§ 362(c)(4):

> (c)  Except as provided in subsections (d), (e), (f), and (h) of this section–
>
> > . . . .
> >
> > > (4)(A)(i) if a single or joint case is filed by or against a debtor who is
> > > an individual under this title, and if 2 or more single or joint cases
> > > of the debtor were pending within the previous year but were
> > > dismissed, other than a case refiled under section 707(b), the stay
> > > under subsection (a) shall not go into effect upon the filing of the
> > > later case;[19] and
> > >
> > > (ii) on request of a party in interest, the court shall promptly enter
> > > an order confirming that no stay is in effect;
> > >
> > > (B) if, within 30 days after the filing of the later case, a party in
> > > interest requests the court may order the stay to take effect in the case
> > > as to any or all creditors (subject to such conditions or limitations as
> > > the court may impose), after notice and a hearing, only if the party in
> > > interest demonstrates that the filing of the later case is in good faith as
> > > to the creditors to be stayed;
> > >
> > > (C) a stay imposed under subparagraph (B) shall be effective on the
> > > date of the entry of the order allowing the stay to go into effect; and
> > >
> > > (D) for purposes of subparagraph (B), a case is presumptively filed not
> > > in good faith (but such presumption may be rebutted by clear and
> > > convincing evidence to the contrary)–

---

[19] An interesting contrast exists in the all inclusive statutory language here that "the stay under subsection [362](a) shall not go into effect" with the limiting language of § 362(c)(3)(A) which provides for termination of the stay "with respect to the *debtor*" (emphasis added) thirty days after the filing of the current case.  *Compare* 11 U.S.C.A. § 362(c)(4)(A) *with* 11 U.S.C.A. § 362(c)(3)(A).

(i) as to all creditors if–

> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

> (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C.A. § 362(c)(4).

This subsection applies to any debtor who has had two or more cases pending and dismissed within the one year preceding the current filing, again unless the case was

21

dismissed under 11 U.S.C.A. § 707(b).  Furthermore, upon the request of any party in interest, the court will enter an order stating that there is no automatic stay in effect.

In order to have an automatic stay take effect at all, a party in interest must, within thirty days of the commencement of the current bankruptcy case, file a motion asking the court to impose the automatic stay with respect to a specific creditor or with respect to all creditors.  After notice and a hearing, the court may order the stay to take effect only if the party in interest "demonstrates" that the bankruptcy case was filed in good faith as to all creditors to be stayed.  Any stay imposed under this subsection will not take effect until the date upon which the court enters its order granting the motion.

As with § 362(c)(3), the court may only extend the stay if the case was filed in good faith, or if the court finds that the debtor has rebutted a presumption that the case was "filed not in good faith."  Once again, the criteria for determining whether a presumption that the case was "filed not in good faith" differ, depending upon whether the stay is to be imposed against all creditors or only certain creditors.  With respect to imposing the stay against all creditors, there is a presumption that the case was "filed not in good faith" if any of the following circumstances exist: (1) the debtor had two or more cases pending during the past year; (2) the debtor's case was dismissed for (a) failing to amend or file documents required by the Bankruptcy Code or court order, "without substantial excuse," unless the debtor's attorney's negligence was the cause, (b) failing to provide adequate protection ordered by the court, or (c) failing to comply with the terms of a confirmed plan; or (3) the debtor's financial and/or personal affairs have not substantially changed subsequent to the dismissal

22

of the most recent prior case, whereby the court could reasonably conclude that the debtor

will obtain a discharge under Chapter 7 or be able to fully perform a confirmed Chapter 11

or Chapter 13 plan.  With respect to individual creditors, in addition to the above

circumstances, there is also a presumption that the case was "filed not in good faith" if, in

any prior case, the creditor had pending an unresolved motion for relief from the automatic

stay pursuant to 11 U.S.C.A. § 362(d) during the pendency of any previous case within the

preceding year, or it had been granted relief from the stay.  As with § 362(c)(3), a

presumption that the case was "filed not in good faith" may only be rebutted by clear and

convincing evidence.

As determined with the Motions to Extend Stay, the court finds two fatal deficiencies

with respect to the Motion to Impose Stay filed in the Tallmans' case:  (1) the court finds

that creditors were not given proper notice of the hearing on the Motion to Impose Stay;

and (2) the substance of the Motion to Impose Stay is inadequate to provide the court or

parties in interest with information supporting the Debtors' grounds for rebutting the

presumption that the case was "filed not in good faith."

**B**

As previously discussed, notice is an essential element with respect to any action

concerning the automatic stay provisions of § 362, and application of § 362(c)(4) requires

no less notice than its § 362(c)(3) counterpart.  Moreover, the Local Rules specifically

address motions filed pursuant to § 362(c)(4)(B) as follows:

23

(2) *Scheduling*.  Absent permission from the court, the hearing date chosen by the movant must be

. . . .

    (ii) at least 20 but no more than 40 days after service of the notice and motion except

    . . . .

        (C) hearings on motions to impose stays under 11 U.S.C. § 362(c)(4)(B) must be at least 5 days after the date of notice. If a party desires a hearing on notice that is less than 5 days, or that requires a special setting that is not one of the court's scheduled motion days, the party must seek permission from the court by contacting a courtroom deputy clerk.  In addition to methods prescribed by the Bankruptcy Rules, notices of hearings on motions to impose stays must be sent by a method effecting immediate receipt, such as by e-mail or by telephone facsimile if available.  Proof of compliance with the notice requirements of this subdivision must be filed at or prior to the hearing on the motion.  The court will determine at the hearing whether the notice and opportunity for hearing were appropriate in the particular circumstances.

E.D. Tenn. LBR 9013-1(f)(2)(ii)(C).

The Debtors' attorney served the Motion to Impose Stay coupled with the Notice of Hearing upon all creditors, the Chapter 13 Trustee, and the United States Trustee on November 17, 2005, scheduling the hearing for six days later, on November 23, 2005. Nevertheless, even though the Notice of Hearing complied with the timeliness requirement of E.D. Tenn. LBR 9013-1(f)(2)(ii)(C), it did not comply with the methods required for service of motions to impose the automatic stay.  The Debtors' Motion to Impose Stay and Notice of Hearing were served "by US Mail and/or ECF;" however, the Local Rules require expedited service of these types of motions, by either e-mail or facsimile, and proof of strict

24

compliance therewith must be filed.  The Debtors' Certificates of Service do not evidence that they complied with the Local Rules, and therefore, the Notice of Hearing for the Motion to Impose Stay is procedurally defective.  For this reason, the Motion to Impose Stay must be denied.

## C

The court also finds cause to deny the Motion to Impose Stay based upon the inadequate information contained therein, in light of the language of the statute.  There is no dispute that the Debtors' case falls within the scope of §362(c)(4)(D)'s presumption that it was "filed not in good faith," since it is their third bankruptcy filing since April 13, 2005, and their prior cases were dismissed for a reason set forth in § 362(c)(4)(D)(i).[20]  Therefore, in order for the court to impose the automatic stay as to any creditor, the Debtors must provide the court with clear and convincing evidence rebutting the presumption that their case was "filed not in good faith."

Any motion to impose the automatic stay must be accompanied by an affidavit and, if appropriate, supporting documentation filed contemporaneously therewith.  Additionally, the court will compel that the same information be included in any motion to impose the automatic stay as is required in any motion to extend the automatic stay filed under § 362(c)(3)(B).

---

[20] *See supra* note 13.

25

Therefore, once again, in order to meet the minimum requirements for satisfying the clear and convincing evidence standard for rebutting the § 362(c)(4)(D) presumptions that a case was "filed not in good faith," each motion and affidavit must provide, at the very least, the following information:  (1) whether the request is being made as to all creditors or single creditors; (2) the case numbers, as well as the commencement and dismissal dates of the debtor's prior cases pending within the previous year; (3) the § 362(c)(4)(D) reason or reasons giving rise to the presumption that the current case was "filed not in good faith"; and (4) the change in the financial or personal affairs of the debtor subsequent to the dismissal of the previous cases or any other reason that will support the debtor's contention that the present case will be concluded with a discharge if filed under Chapter 7 or, if filed under Chapter 11 or 13, will be concluded with a confirmed plan that will be fully performed.  Although additional information is optional, any motion to impose the automatic stay filed without these minimum requirements and evidentiary proof may be summarily denied.  *See* 11 U.S.C.A. § 362(c)(4)(B) ("[T]he court may order the stay to take effect in the case as to any or all creditors [] subject to such conditions or limitations as the court may impose . . . [.]").

As to the case presently before the court, the Motion to Impose Stay does not state with particularity the grounds relied upon to support the requested relief, nor does it provide any evidentiary proof to rebut the presumption that the case was "filed not in good faith."  Without clear and convincing evidence to rebut this presumption, especially in light

26

of the procedural and notice defects, the court cannot impose the automatic stay, and the

Debtors' Motion to Impose Stay will be denied.

Orders consistent with this Memorandum will be entered.

FILED:  December 5, 2005

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE